## Arthur Jordon Co. v. John T. Covill.

1. APPELLATE COURT PRACTICE—*When the Court will not Examine the Record.*—When the case depends upon the finding of the jury upon a question of fact, and the abstract of the appellant shows evidence amply sufficient to support the verdict, the court will affirm the judgment without looking into the record.

**Assumpsit.**—Discharge without cause. Appeal from the Circuit Court of Cumberland County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed June 6, 1896.

J. S. HALL and JAMES W. CRAIG, attorneys for appellant

P. A. BRADY, attorney for appellee.

MR. PRESIDING JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Appellant was extensively engaged in the egg and poultry trade, having its headquarters at Indianapolis, with places of business and managers in charge over a wide extent of territory. According to a contract between the parties dated April 30, 1894, under seal, and sufficiently exacting, appellee entered its employ as such manager at Greenup, in Cumberland county, Ill., for a period of twelve months from its date, at a salary of ten dollars per week.

Just eight and a half weeks before the expiration of the year he was discharged, and for the rest of the time was unable to find employment, though he diligently sought it. Thereupon he brought this suit before a justice of the peace, which resulted, on appeal, in judgment upon a verdict for $85 damages and for costs. A motion for a new trial was interposed, overruled and exception duly taken.

The case went to the jury upon the single and uncomplicated question whether there was reasonable cause for his discharge.

We have not examined the record, because the abstract,

though meager, shows evidence amply sufficient to support the verdict. Some of it comes from witnesses called by the defendant. Any discussion of it, or comparison of the weight of the *pro* and the *con*, would be useless. The only alleged error in respect to the evidence is the exclusion of what was offered to prove unfriendly conduct of appellee after his discharge, which was clearly proper.

It appears that very soon after that event a rival poultry house in the town ceased to do business, and its proprietor was appointed to succeed appellee, which the jury may have believed had much to do with the complaints against him.

Errors are also assigned upon the giving of instructions asked by the plaintiff, and modification of some asked by the defendant; but in view of all the evidence and apparent merits, we are of opinion that these, if not strictly accurate, did not amount to errors which the courts often characterize as " reversible."

The judgment will therefore be affirmed.